UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
NASIR MEHMOOD,

               Plaintiffs,

          -against-

PAK GENERAL CONTRACTING, INC.;
MAZHER AWAN; NAVILLUS TILE
INC.; NAVILLUS CONTRACTING,

               Defendants.
---------------------------------------------------------- X

INDEX NO.: EDNY 16 CV 4676 (PK)

**ANSWER AND CROSS-CLAIM TO SECOND AMENDED COMPLAINT**

Defendants, Navillus Tile Inc., and Navillus Contracting ("Navillus"), by their attorneys, Peckar & Abramson, P.C., as and for their Answer and Cross-Claim in response to the Second Amended Complaint of Plaintiff, Nasir Mehmood, state:

1. Paragraph 1 of the Second Amended Complaint asserts legal contentions to which no responsive pleading is required.

2. Denies the allegations contained in paragraph 2 of the Second Amended Complaint to the extent it alleges that Navillus employed Plaintiff and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's employment by Defendant PAK General Contracting, Inc. ("PAK").

3. Paragraph 3 of the Second Amended Complaint asserts legal contentions as to which no responsive pleading is required.

4. Paragraph 4 of the Second Amended Complaint asserts legal contentions as to which no responsive pleading is required.

5. Paragraph 5 of the Second Amended Complaint asserts legal contentions as to which no responsive pleading is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Second Amended Complaint except admits that Navillus entered into a subcontract dated June 30, 2014 with Defendant PAK whereby PAK agreed to perform miscellaneous construction work at the Bronx Toll Plaza Canopy Roof at the Bronx Whitestone Bridge ("GFM509G") and that Navillus entered into a subcontract dated March 11, 2014 with defendant PAK, whereby PAK agreed to perform miscellaneous construction work under work order #57 as part of the Queens Plaza terracotta tile replacement and granite fascia repointing at the Queens Midtown Tunnel (FGFM495E), and Navillus further admits that PAK submitted to Navillus and the Triborough Bridge & Tunnel Authority ("TBTA") as the owner, certified payroll reports listing Plaintiff as an employee of PAK on the aforementioned projects; Navillus further denies that Navillus was engaged as a contractor on any of the other projects alleged in paragraph 6 of the Second Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Second Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Second Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Second Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Second Amended Complaint.

11. Denies the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Denies knowledge or information the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Denies knowledge or information the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Denies knowledge or information the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Admits that Navillus Tile Inc. is a New York Corporation and that Navillus Contracting is the doing business name of Navillus Tile Inc. and that Navillus was awarded contracts by the TBTA to perform the work on the projects at the Queens Midtown Tunnel and the Bronx Whitestone Bridge Toll Plaza and denies all other allegations contained in paragraph 15 of the Second Amended Complaint.

16. Admits the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Denies the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Denies the allegations contained in Paragraph 19 of the Second Amended Complaint.

20. Paragraph 20 of the Second Amended Complaint asserts legal contentions to which no responsive pleading is required.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint.

NEWYORK-#139747V1-

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Denies the allegations contained in Paragraph 23 of the Second Amended Complaint as to Navillus and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the PAK defendants.

24. Denies the allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Denies the allegations contained in Paragraph 26 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff and denies knowledge or information concerning payments to plaintiff made by defendant PAK.

27. Denies the allegations contained in Paragraph 27 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff and did not file any wage reports, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint concerning the accuracy of the wage reports certified by PAK.

## FIRST CLAIM

28. Defendant Navillus repeats and realleges its responses to paragraphs 1 through 27 of the Second Amended Complaint as if fully set forth herein.

29. Denies the allegations contained Paragraph 29 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

30. Denies the allegations contained Paragraph 30 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

4

31. Denies the allegations contained Paragraph 31 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

32. Denies the allegations contained Paragraph 32 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

## SECOND CLAIM

33. Defendant Navillus repeats and realleges its responses to paragraphs 1 through 32 of the Second Amended Complaint as if fully set forth herein.

34. Denies the allegations contained in Paragraph 34 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

35. Denies the allegations contained in Paragraph 35 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

36. Denies the allegations contained in Paragraph 36 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

37. Denies the allegations contained in Paragraph 37 of the Second Amended Complaint inasmuch as Navillus did not employ plaintiff.

## THIRD CLAIM

38. Defendant Navillus repeats and realleges its responses to paragraphs 1 through 37 of the Second Amended Complaint as if fully set forth herein.

39. Admits that Navillus' contracts with the TBTA contains certain labor compliance requirements that were made part of and incorporated into its subcontracts with PAK; Navillus refers to such contracts and subcontracts for the true terms thereof.

40. Admits that Navillus' contracts with the TBTA contains certain labor compliance requirements were made part of and incorporated into the subcontracts with PAK; Navillus refers to such contracts and subcontracts for the true terms thereof.

NEWYORK-#139747V1-

41. Denies the allegations contained in paragraph 41 of the Second Amended Complaint to the extent these allegations are directed at Navillus.

42. Denies the allegations contained in paragraph 42 of the Second Amended Complaint to the extent these allegations are directed at Navillus.

43. Denies the allegations contained in paragraph 43 of the Second Amended Complaint to the extent these allegations are directed at Navillus.

44. Denies the allegations contained in paragraph 44 of the Second Amended Complaint to the extent these allegations are directed at Navillus.

45. Denies the allegations contained in paragraph 45 of the Second Amended Complaint to the extent these allegations are directed at Navillus.

46. Denies the allegations contained in paragraph 46 of the Second Amended Complaint.

47. Denies the allegations contained in paragraph 47 of the Second Amended Complaint to the extent these allegations are directed at Navillus.

### AS AND FOR FIRST CROSS-CLAIM AGAINST DEFENDANTS PAK GENERAL CONTRACTING INC. AND MAZHER AWAN.

48. Defendant Navillus Tile Inc. d/b/a Navillus Contracting ("Navillus") is a corporation existing under laws of the State of New York with its principal office at 575 Fifth Avenue, New York, New York.

49. Upon information belief, at all times hereinafter mentioned, defendant PAK General Contracting Inc. ("PAK") was and still is a corporation existing under the laws of the State of New York with its principal office at 2480 Brigham Street, Brooklyn, New York.

50. Upon information and belief, at all times hereinafter mentioned, Mazher Awan ("Awan") was and still is the president and/or principal of PAK.

NEWYORK-#139747V1-

51. Navillus entered into a subcontract dated June 30, 2014 with Defendant PAK whereby PAK agreed to perform miscellaneous construction work at the Bronx Toll Plaza Canopy Roof at the Bronx Whitestone Bridge ("GFM509G") and that Navillus entered into a subcontract dated March 11, 2014 with defendant PAK, whereby PAK agreed to perform miscellaneous construction work under work order #57 as part of the Queens Plaza terracotta tile replacement and granite fascia repointing at the Queens Midtown Tunnel (FGFM495E) (collectively the "Subcontracts").

52. The Complaint herein alleges that the plaintiff perform work under the Subcontracts among other projects not associated with Navillus. Plaintiff further alleges that PAK failed to pay him in compliance with the Labor Standards Act, New York Labor Law and the prevailing wage requirements, all of which PAK was required to comply with under the Subcontracts.

53. If plaintiff's allegations are true and proven, PAK will be guilty of material breaches of the Subcontracts.

54. The Subcontracts require PAK to indemnify and hold harmless Navillus for any and all liability, damages or loss, including attorney's fees and disbursements, arising out of any breach of the Subcontracts, including the labor compliance requirements.

55. To the extent that Navillus is found to have any liability to the plaintiff in this action, PAK is required to indemnify and hold harmless Navillus from such liability and compensate Navillus for its attorney's fees and disbursements arising out of this action.

56. During the performance of PAK's work under the Subcontracts, PAK provided to TBTA and Navillus certificates and payroll reports in which it certified that the employees of PAK working on the projects were being compensated in full compliance with all labor

NEWYORK-#139747V1-

compliance provisions. Such certificates and certified payroll reports were signed by the defendant Awan as President of PAK.

57. To the extent that plaintiff proves that it was not paid in compliance with the Labor Standards Act, New York Labor Law and prevailing wage requirements and that the certificates and payroll reports submitted to TBTA and Navillus contain inaccurate and false information, in such event, Defendant Awan will be personally liable to defendant Navillus to the extent that Navillus incurs any liability or incurs any expense in connection with this action.

## PRAYER FOR RELIEF

Therefore, defendant Navillus Tile Inc. d/b/a Navillus Contracting demands judgment as follows:

(a) Dismissing the Second Amended Complaint in all respects;

(b) On its cross-claim, awarding recovery over against defendants PAK General Contracting Inc. and Mazher Awan for all amounts recovered by plaintiffs against Navillus together with all attorney's fees and expenses incurred by Navillus in defending this action; and

(c) Such other and further relief as the court deems appropriate.

Date: February 16, 2017

Howard M. Rosen (HR 9443)
Peckar & Abramson, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone: (212) 382-0909

*Attorneys for Defendants*
*Navillus Tile, Inc., d/b/a Navillus Contracting*